GEORGE D. LYLE, *et al.*, COMPLAINANTS, APPELLANTS, v.
JAMES A. POUDER, *et al.*, DEFENDANTS, APPELLEES.

(*Knoxville*, September Term, 1931.)

Opinion filed November 14, 1931.

MILLER, MILLER & MARTIN, for complainants, appellants.

COX, TAYLOR & EPPS, MILLER & WINSTON, for defendants, appellees.

Mr. Justice McKinney delivered the opinion of the Court.

The bill seeks to set aside two deeds to a 55-acre tract of land in Carter County for fraud. One by R. R. Miller, trustee, to James A. Pouder, and the other by James A. Pouder to M. T. Wagener and wife, Barbara Wagener.

The Wageners demurred to the bill upon the ground that it stated no facts upon which they could be charged with fraud, and the chancellor so held, sustained their demurrer, and dismissed the bill.

Complainants, according to the allegations of the bill, obtained a loan of $1500 from Mrs. Dovie C. Cass through James A. Pouder, her agent, and secured the same by a deed of trust executed to R. R. Miller, which was duly recorded. Default was made in the payment of said indebtedness, said deed of trust was foreclosed, and at the sale James A. Pouder became the purchaser. The trustee executed a deed to Pouder, which the bill does not allege contained any irregularities, or conveyed notice to Mr. and Mrs. Wagener that there were any irregularities in the foreclosure sale, or that same was not regular in every particular. This deed was duly recorded. Subsequently Pouder conveyed this tract of land to the Wageners, and on the same day they executed a deed of trust to H. H. Dyer, trustee, to secure five notes of $500 each. The Wagener deed and deed of trust were duly recorded. The bill charges that the sale by the trustee was not in fact made by him but by his agent; that the sale was not advertised in accordance with the terms of the deed of trust; and many allegations of fraud are made against Pouder.

After carefully reading the bill, we are unable to find

therein any charge of fraud against the Wageners, or any allegation that they were present or had any knowledge or information as to the irregularities in the advertisement and sale of said land by the trustee. In these circumstances we are of the opinion that no cause of action is stated against the Wageners, and the chancellor very properly sustained their demurrer and dismissed the bill as to them.

The burden is, of course, upon complainants to show that the Wageners participated in this transaction fraudulently, and proof of such conduct, in the absence of allegations upon which to found it, would not support a decree.

The applicable principle is thus stated in 41 Corpus Juris, 1011:

"It is a general rule that a subsequent or remote grantee, taking innocently and in good faith, is not bound to look beyond the recitals of the trustee's deed, and takes a good title as against any defects or irregularities of which he had no actual knowledge."

In *Hamilton* v. *Lubukee* (Ill.), 99 Am. Dec., 562, 565, it is said:

"As to the other defendants, they are innocent purchasers for a valuable consideration, without notice of any equities which might have existed in favor of appellant against the original purchaser at the sale. Such purchaser is chargeable with notice of defects and irregularities attending the sale, and cannot evade their effect. With remote purchasers, such as Hamlin and the others named, the rule is different."

Applying these principles to the averments of the bill, it is apparent that no cause of action is stated against the Wageners, and the decree of the chancellor must therefore be affirmed.